UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE M. HUNTER,

    Plaintiff,                                         Civil Action No. 13-CV-13438

vs.                                                HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on plaintiff's motion for remand [docket entry 10] and defendant's motion for summary judgment [docket entry 14]. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his application for disability insurance benefits. Defendant, by decision of an Administrative Law Judge ("ALJ") in March 2012, found that plaintiff is not disabled because he can perform a limited range of unskilled, sedentary work (Tr. 23-27). This became defendant's final decision when the Appeals Council denied plaintiff's request for review (Tr. 1).

Under § 405(g) the issue is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the matter de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even

if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

The medical evidence in this case has been summarized in the ALJ's decision and in the parties' briefs, and it need not be repeated in detail here. In short, plaintiff claims he has been unable to work since December 31, 2008, due to pain in his back and legs, dyslexia, a learning disability, and "mental issues," including depression and anxiety (Tr. 49, 147, 256). Following a hearing at which plaintiff was not represented, the ALJ found that plaintiff cannot perform any of his past work but that he has the residual functional capacity to perform a limited range of unskilled, sedentary work with a sit/stand option (Tr. 23-27).

Plaintiff, now represented by counsel, asks that the Court remand this matter for further proceedings on the grounds that the ALJ failed to fully and fairly develop the record. Defendant opposes the motion on the grounds that plaintiff showed he understood the proceedings and was capable of presenting his case and that the additional medical records plaintiff believes the ALJ should have obtained would not have affected the ultimate outcome.

Having reviewed the entire administrative record, the additional medical records plaintiff believes the ALJ should have obtained and considered, and the parties' briefs, the Court is persuaded that the matter must be remanded for further proceedings. In cases, as here, where the claimant is unrepresented, the ALJ has a heightened duty to ensure that the record is fully and fairly developed. As the Sixth Circuit noted in an often-cited case,

> Subsequent appellate court development of the *Perales* doctrine has emphasized the remedial purpose of the authorizing legislation and the duty of the administrative law judge to fully develop the record. These two factors impose a special duty on the administrative law judge where the claimant appears without counsel. In *Smith v. Harris*, 644 F.2d 985 (3d Cir.1981), Judge A. Leon

> Higginbotham, speaking for the Third Circuit, held that "where the claimant is unrepresented by counsel, the ALJ has a duty to exercise a heightened level of care and assume a more active role" in the proceedings. *Id.* at 989. In *McConnell v. Schweiker*, 655 F.2d 604 (5th Cir.1981) the Fifth Circuit adopted a similar standard. There the court held that "an administrative law judge's basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appeals before him." *Id.* at 606, quoting *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir.1981). . . . To satisfy this special duty the administrative law judge must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir.1972) quoted in *Cox*, 587 F.2d at 991. He must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id*.

*Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). As defendant correctly notes, the Sixth Circuit has held that the rule from *Lashley* applies only if the claimant was unrepresented and also "(2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008). However, the present case clearly is one in which the ALJ's "heightened duty" was triggered and in which that duty was not met.

Plaintiff's inability to present an effective case and his unfamiliarity with the hearing procedures was quite apparent. Among other things, plaintiff told the ALJ that he had not read the hearing notice or the information regarding his right to representation because he is dyslexic and cannot read (Tr. 35) and that he had recently lost his health insurance coverage because he redeemed his workers' compensation claim so that his "kids could have their money for Christmas" (Tr. 50, 57). After the ALJ questioned the vocational expert ("VE"), plaintiff stated he "was lost in the whole conversation of the terms that you guys were using" (Tr. 77), and he was unable to question the VE intelligently about her responses to the hypothetical questions the ALJ posed or to pose any

3

alternative hypothetical questions of his own.  When plaintiff submitted his application for disability benefits, the Social Security worker noted that plaintiff "can't read.  Difficulty understand[ing] the questions and issues concerning his applying for benefits. Friend accompanied him during the interview to help answer questions. . . . Pleasant but confused easily" (Tr. 144).  A psychologist who examined plaintiff in February 2011 found, among other things, that plaintiff's verbal comprehension ability was "borderline" (3rd percentile) and that his IQ was "extremely low" (1st percentile) (Tr. 254).

Perhaps the clearest indication of plaintiff's inability to present his case is the fact that he neglected to submit any of the medical records from Dr. Steven Harwood, the main treating physician for plaintiff's back and leg pain.  These records, later obtained by plaintiff's counsel, include 23 pages of Dr. Harwood's office notes and narrative reports from January 2009 through November 2012 (Tr. 289-313).[1]  Only the last two pages of these records post-date the ALJ's decision.

From these facts it is clear that plaintiff was not able to present his case effectively and that he did not understand the proceedings.  The ALJ therefore had a duty to ensure that the record was fully and fairly developed.  This did not occur.  The ALJ did obtain records from St. Joseph Mercy Hospital (Tr. 183), but not those from Dr. Harwood (Exhibit 7F, Tr. 289-313).[2]  Nor

---

[1] These records, and others, were submitted by plaintiff's counsel to the Appeals Council as part of her request for remand (Tr. 185).  The Appeals Council designated the new records as Exhibits 7F, 8F, 9F, and 10F, and made them part of the record (Tr. 4).  However, the Appeals Council did not act on counsel's request for remand and it denied plaintiff's request to review the ALJ's decision (Tr. 1-3).

[2] At the hearing, plaintiff mentioned Dr. Harwood by name (Tr. 40) and the ALJ indicated he was "especially" interested in seeing Dr. Harwood's records (Tr. 57).  Plaintiff had also identified Dr. Harwood as the physician who had prescribed him pain medication for his

did the ALJ obtain records from Concentra Medical Center, where plaintiff was treated for back pain from 2007 to 2008 (Exhibit 8F, Tr. 314-40); or from Dr. Thomas, the surgeon who operated on plaintiff's back in June 2010 (Exhibit 9F, Tr. 341-48). Nor did the ALJ obtain the report of Dr. Hyatt, who examined plaintiff in July 2009 at the request of the workers' compensation carrier (Exhibit 10F, Tr. 350-57). Clearly, the ALJ did not "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" in this case. *Gold, supra.*

Defendant argues that even if the ALJ erred by failing to develop the record, any such error should be deemed harmless because if the ALJ had considered the additional records his decision would have been the same. The Court disagrees. The 69 pages of medical records at issue (Tr. 289-357) speak directly to the issue of plaintiff's back and leg pain, and they show that plaintiff complained consistently about, and sought regular treatment for, this pain during the relevant time frame. The ALJ reasonably could find that plaintiff's hearing testimony is more credible in light of this additional evidence. Further, these records contain a number of references to spasms in plaintiff's back and leg (Tr. 303, 309, 312, 346, 348), which bear on his hearing testimony that he experiences such spasms several times per day (Tr. 47, 52, 55). Under these circumstances, the ALJ's failure to obtain and consider this evidence was not harmless. Accordingly,

IT IS ORDERED that plaintiff's motion for remand is granted. On remand, the ALJ must consider the additional evidence made part of the record by the Appeals Council (i.e., Exhibits 7F, 8F, 9F, and 10F [Tr. 289-357]) and conduct another hearing at which plaintiff is represented. This is a sentence four remand under § 405(g).

---

back (Tr. 180).

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 30, 2015
       Detroit, Michigan